IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JUAN PEREZ-RODRIGUEZ, et al.,**
**Plaintiffs**

v.                                                                              **CIVIL NO. 05-1978(DRD)**

**CAMDEN COUNTY SHERIFF'S**
**DEPARTMENT, et al.,**
**Defendants**

**ORDER**

Pending before the Court is co-defendants, Camden County Sheriff's Department and Sergeant Ervin Hannah's *Motion to Dismiss and/or for Summary Judgment With Accompanying Memorandum of Law by the Camden County Sheriff's Department and Sergeant Ervin Hannah* (Docket No. 31). Without entering into the merits of co-defendants' dispositive motion, the instant motion is **DENIED albeit without prejudice**. The Court explains.

On November 26, 2003, the undersigned issued a Standing Order specifically stating that no Hybrid Motions to Dismiss and/or for Summary Judgment should be filed because the standard of review for said dispositive motions is inapposite. The Court pointed to the fact that motions to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ. P., 28 U.S.C. require the Court to take all well-pleaded allegations of fact as true, while the standard applicable to a Rule 56 motion mandates that the Court indulge in favor of the non-moving party all reasonable inferences arising from such facts as may have been established by affidavit, deposition, or other such reliable method. Further, as to summary judgment motions, there are specific requirements under the Local Rules relating to the filing of a separate statement of uncontested facts. See Local Civil Rule 56(b). Finally, the undersigned concluded that Hybrid motions only foster confusion and delay.

Although co-defendants' dispositive motion does not state the specific Rule under which it is filed, the Court notes that whether the motion to dismiss is either filed pursuant to Rule 12(b)(1) or 12(b)(6) is irrelevant since both motions are subject to a similar standard of review. See, *Murphy v. U.S*, 45 F.3d 520, 522 (1st Cir. 1995); *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir. 1994); *Torres-Maysonet v. Drillex, S.E.*, 229 F.Supp.2d 105, 107 (D. Puerto Rico 2002). Furthermore, the Court also points to the fact that Local Civil Rule 56(b) requires that "a motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried... [and] that each fact asserted in the statement shall be supported by a record citation as required by [Local Civil Rule 56(e)]". The instant Hybrid motion does not comply with Local Civil Rule 56(b). See also, *Morales v. A.C. Orsslef's EFTF*, 246 F.3d 32, 33 (1st Cir. 2001)(as to compliance with Local Rule requirement of a separate filing of an opposing statement of material facts in the opposition to summary judgment; this District Court adds that the requirement is identical as to the movant for summary judgment under Local Civil Rule 56(b)).

Therefore, co-defendants, Camden County Sheriff's Department and Sergeant Ervin Hannah may resubmit **on or before September 5, 2006,** a dispositive motion either under Rule 12(b) **or** Rule 56 of the Federal Rules of Civil Procedure. As stated previously, co-defendants, Camden County Sheriff's Department and Sergeant Ervin Hannah's *Motion to Dismiss and/or for Summary Judgment With Accompanying Memorandum of Law by the Camden County Sheriff's Department and Sergeant Ervin Hannah* (Docket No. 31) is **DENIED albeit without prejudice**. Consequently, *Plaintiffs' Request for Extension of Time* (Docket No. 32) to oppose co-defendants' dispositive motion is hereby declared **MOOT**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 4th day of August 2006.

                                                          **S/DANIEL R. DOMINGUEZ**
                                                          **DANIEL R. DOMINGUEZ**
                                                          **U.S. DISTRICT JUDGE**